**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIKIYAS ALTAYE KEBEDE, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 14-71769 Agency No. A205-169-440 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 19, 2019**

Before:     FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Mikiyas Altaye Kebede, a native and citizen of Ethiopia, petitions pro se for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on omissions from Kebede's asylum application and declaration as to his alleged 2005 and 2011 detention and beating by government authorities, and as to his sister's detention and torture. *See Shrestha*, 590 F.3d at 1048 (adverse credibility finding reasonable under the totality of the circumstances); *see also Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016) (omissions that tell a "much different – and more compelling – story of persecution than [the] initial application" can properly form the basis for an adverse credibility finding (quoting *Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011))). Kebede's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In this case, in the absence of credible testimony, Kebede's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

14-71769

Kebede's CAT claim fails because it is based on the same testimony the agency found not credible, and Kebede does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of the government of Ethiopia. *See id*. at 1156-57.

Finally, we reject as unsupported by the record Kebede's contentions that the agency violated his due process rights. *See Lata*, 204 F.3d at 1246 (requiring error to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**